UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARK SKLADANY,**<br><br>Plaintiff,<br><br>v.<br><br>**NEW JERSEY DEPARTMENT OF CORRECTIONS,** *et al.*,<br><br>Defendants. | Civil Action No. 14-3335 (MAS)(LHG)<br><br>**REPORT & RECOMMENDATION** |

This matter comes before the Court by way of a Motion to Dismiss the Complaint (hereinafter, the "Motion") filed by Defendants Deon Bullard, Wanda Edwards, and Marina Moshkovich (hereinafter, "Moving Defendants"). [Docket Entry No. 61]. For the reasons that follow, it is respectfully recommended that the Motion be GRANTED and that this case be DISMISSED WITH PREJUDICE.

**Background**

On October 21, 2014, Plaintiff, an incarcerated *pro se* individual, filed his Complaint alleging that Defendants had breached his constitutional rights by housing him in a prison dormitory rather than his own separate cell. [Docket Entry No. 1]. On January 16, 2015, Plaintiff filed an Amended Complaint that added a second claim alleging that Defendants were infringing upon his First Amendment rights by denying him access to legal resources. [Docket Entry No. 15]. On April 28, 2015, Defendants filed an Answer to Plaintiff's Amended Complaint. [Docket Entry No. 24]. On November 3, 2016, this Court issued a third and final Amended Scheduling Order, which required the parties to serve any interrogatories and requests for production of documents by no later than December 30, 2016, and to respond to those requests by no later than January 30, 2017. [Docket Entry No. 54]. The Scheduling Order

1

required discovery to be completed by no later than February 28, 2017. *Id.* The Scheduling Order also cautioned the parties that failure to comply with its terms might result in sanctions. *Id*.

**<u>Moving Defendants' Arguments</u>**

In support of the Motion, Moving Defendants filed a Declaration signed by counsel. ("Rienzo Dec.") [Docket Entry 61-1]. Moving Defendants assert that on December 28, 2016, they served interrogatories and a request for documents on Plaintiff. Rienzo Dec. ¶8; "Defendants' First Set of Interrogatories to Plaintiff" and "Defendants' First Set of Document Requests to Plaintiff." [Docket Entry No. 61-1, Exhibit A]. When Plaintiff did not respond to these discovery requests, Moving Defendants attempted to confer in good faith with Plaintiff via letter. Rienzo Dec. ¶9; letter to Plaintiff dated February 16, 2017 [Docket Entry No. 61-1, Exhibit B]. Moving Defendants' letter cautioned Plaintiff that if he did not respond, they would file the appropriate motion. *Id*. When Plaintiff again did not respond, Moving Defendants filed a letter advising the Court and seeking leave to file a Motion to Dismiss. *Id.*

In a Letter Order dated April 19, 2017, the Court granted leave to file a Motion to Compel Plaintiff to respond to the outstanding discovery requests. Moving Defendants timely filed their Motion to Compel. [Docket Entry No. 59]. Plaintiff filed no opposition to that motion and the Court granted it on June 14, 2017, requiring Plaintiff to respond to the outstanding discovery requests within the next 20 days. Over a month later, when Plaintiff had still not provided discovery, Defendants filed the current motion. Because he is not an electronic filer, Plaintiff was sent a copy of the motion by the Clerk's Office via regular Mail. [Docket Entry No. 61-3]. As of the date of this Report and Recommendation, Plaintiff has not responded to the Motion to Dismiss.

**Analysis**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED. R. CIV. P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

The Court considers the *Poulis* factors in determining whether to recommend granting Moving Defendants' motion to dismiss this matter with prejudice. For the reasons that follow, the Court recommends a finding that under the circumstances presented here, the *Poulis* factors support the dismissal of this matter with prejudice:

1. **Plaintiff's Personal Responsibility:** Given that Plaintiff is *pro se*, the blame for his failure to comply with the Court's orders and respond to Defendants' discovery requests lies solely with Plaintiff. As such, the Court finds this factor weighs in favor of dismissal.

2. **Prejudice to Defendants:** Plaintiff's failure to comply with the Court's Orders has prejudiced Defendants. Plaintiff initiated this action and has done little to move this

case forward since filing the Amended Complaint. This is true despite Orders requiring action on the part of Plaintiff. Plaintiff's repeated failure to cooperate in the discovery process supports dismissal of this matter. *See, e.g., Satterfield v. City of Englewood*, Civ. No. 06-6037, 2008 WL 1809318 (D.N.J. Apr. 22, 2008).

3. **History of Dilatoriness:** As of the filing of this Motion, Plaintiff had not responded to Moving Defendants' discovery requests, nor has he responded to the Motion to Dismiss as of the present date. Plaintiff has ignored both the Court's November 3, 2016 Amended Scheduling Order and the June 14, 2017 Order compelling him to respond to Defendants' discovery requests. Plaintiff's refusal to comply with the Court's orders without explanation supports the dismissal of his claims with prejudice.

4. **Willfulness or Bad Faith:** The Court does not on this record find that Plaintiff has proceeded in bad faith. The Court does, however, find that Plaintiff's conduct has been willful, based on the record of Plaintiff's failure to comply with the Court's Orders, despite due notice of his obligations. It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:** The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile. On the facts presented here, the Court finds that no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, Civ. No. 09-2460, 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances, the Court recommends a finding that dismissal of Plaintiff's claims with prejudice is warranted. Plaintiff voluntarily filed this case. After doing so, he

essentially failed to take any steps towards advancing this matter to trial. Plaintiff has refused to either seek or respond to discovery and has ignored the Court's Orders to do so. The Court previously warned Plaintiff that failure to comply with the terms of its Orders may result in sanctions. Defendants also cautioned Plaintiff that they would seek relief from the Court if he did not respond to their discovery requests. On the whole, Plaintiff's actions demonstrate a pattern of non-compliance with his obligations under the Federal Rules of Civil Procedure, a failure to prosecute this matter which he initiated against Defendants, and a disregard for this Court. As a result, the undersigned respectfully recommends that this matter be dismissed with prejudice.

**Conclusion**

The Court, having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this **19th** day of **December, 2017**,

RECOMMENDED that the Motion to Dismiss [Docket No. 61] be GRANTED and Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have fourteen (14) days from the date of this Report and Recommendation to file and serve objections to the proposed findings and recommendations. Failure to timely object may substantially limit appellate review. *See EEOC v. Long Branch*, 866 F.3d 93, 100 n.3 (3d Cir. 2017).

**LOIS H. GOODMAN**
**United States Magistrate Judge**